# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH, | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civil Action Number 3:13-CV-01152 |
| | ) Judge Sharp/Brown |
| CORRECTIONS CORPORATION OF AMERICA, KENYA BROWN, TERI CARTER, TAKIYAH COOPER, and IRENEA FITZGERALD, | ) Jury Demand ) ) ) ) ) |
| Defendants | ) |

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

### I. Jurisdiction

28 U.S.C. § 1331 and 28 U.S.C. § 1343 provide this Court with original jurisdiction over Plaintiff James Douglas Smith's ("Smith") federal law claims.

### II. Plaintiff's Theory of the Case

Pursuant to the Court's Order dated February 24, 2014 (Docket Entry 62), Defendants mailed a copy of this Proposed Case Management Order to Smith on March 26, 2014, for Smith's review and for Smith to include his theory of the case.

### III. Defendants' Theory of the Case

A.  Defendants CCA, Carter, Cooper, and Fitzgerald

Given the factual investigation that Defendants have conducted to date of the incident alleged in Smith's Complaint, Defendants deny all allegations of wrongdoing and all claims of damages. Further, Defendants submit that summary judgment on all of Smith's pending claims is warranted on the following grounds:

- The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires inmates to exhaust administrative remedies before filing suit. Smith did not exhaust administrative remedies before filing the pending lawsuit. Therefore, summary judgment on all of Smith's claims is warranted.

- Smith cannot hold CCA liable for the claimed violations of its employees on a respondeat superior theory. Despite this, Smith attempts to hold CCA liable for the claimed violations of its employees on a respondeat superior theory. Therefore, summary judgment on Smith's claims against CCA is warranted.

- Carter, Cooper, and Fitzgerald did not discriminate against Smith based upon his age, disability, or race. Therefore, summary judgment on Smith's claims against Carter, Cooper, and Fitzgerald is warranted.

- CCA is not a governmental entity and does not control the release or parole dates of the inmates it incarcerates. Therefore, summary judgment on Smith's claim that CCA held him beyond his scheduled parole date is warranted.

B. **Defendant Brown**

Defendant Kenya Brown, an employee of the State of Tennessee, is an Institutional Parole Officer (IPO), who is a liaison between the Tennessee Board of Parole (Board) and State inmates. Ms. Brown has no authority regarding the decisions of the Board as to the granting or denial of parole to inmates.

Inmate James D. Smith, #081029, had a parole hearing on September 24, 2013, and during that hearing a recommendation was made that Mr. Smith would be granted parole on the condition that he complete a Residential Drug Program (RDAP) while incarcerated. Ms. Brown so informed Mr. Smith, and he refused to be enrolled in the RDAP. Once Mr. Smith stated to Ms. Brown that he was refusing to enter the RDAP, Ms. Brown requested a rescission hearing. A rescission hearing is requested when an inmate refuses to fulfill a condition that the Board has recommended.

The allegations as to Ms. Brown in this action are as follows: 1) Ms. Brown allegedly delivered a letter to the plaintiff in which the Parole Board recommended parole (DE No. 12, at

pp.2-3). However, "the plaintiff remains detained at CCA/Metro." (Id. at p.3); 2) Ms. Brown allegedly "carried out threats from Corrections Counselor Ms. Fitzgerald" presumably against the plaintiff. (DE No. 14, at p.1); and 3) "IPO Ms. Brown, after the Parole Board on September 24, 2013 and again on October 11, 2013, granted parole to the plaintiff" [sic] (DE No. 14, at p.1). The plaintiff states that "many men of the white race" have been approved for parole, yet "are still detained." (*Id.*). The plaintiff seeks monetary damages. (*Id.* at p.3).

Ms. Brown has filed Motion to Dismiss, pursuant to Fed. R. Civ. P. 12 (D.E. No. 60), which is pending before the Court. The grounds for the motion are as follows: 1) The plaintiff's conclusory allegations of constitutional violations, unsupported by any specific facts, fail to state a claim upon which relief can be granted; 2) This action should be dismissed as to defendant Brown for insufficient personal involvement; 3) The plaintiff has failed to exhaust his administrative remedies; 4) There is no cognizable cause of action for alleged harassment or threats, and this action should be dismissed against defendant Brown for failure to state a claim upon which relief can be granted; 5) An inmate has no liberty interest in parole in Tennessee, and therefore has no due process rights in a parole hearing or appeal. Accordingly, to the extent that the plaintiff claims that his constitutional rights were violated in any parole proceedings, this action should be dismissed; and 6) To the extent that the plaintiff makes an equal protection claim as to his parole proceedings, the claim should be dismissed as conclusory and not supported by the evidence.

In any event, Ms. Brown has in no way intimidated, threatened, coerced or discriminated against Mr. Smith for any reason. It is denied that Ms. Brown has violated Mr. Smith's constitutional rights or has any liability to him.

## IV. Identification of the Issues

All issues presently are in dispute.

## V. Special Issues Under Federal Rules of Civil Procedure 13-15, 17-21, and 23

Smith will amend pleadings or join parties on or before **June 2, 2014**. Defendants will amend pleadings or join parties on or before **June 16, 2014**.

## VI. Initial Disclosures and Staging of Discovery

A. **Discovery:** There will be no stay of discovery pending disposition of any motions, unless ordered by the Court. It is noted that Brown filed a Motion to Stay Discovery pending resolution on her Motion to Dismiss. (Docket Entries 71-72). The Court granted the Motion and specifically stated: "Docket Entry 71 is a motion to stay discovery pending resolution of the motion to dismiss (Docket Entry 60) by Defendant Brown. This motion is **GRANTED** in part as to discovery related to Brown only. Any decision as to whether the stay should be extended past the initial case management conference will be taken up at the conference." (Docket Entry 76).

The parties will complete all written and deposition discovery on or before **August 14, 2014**, with the exception of requests for admission, which may be served on or before **October 1, 2014**. All written discovery will be submitted in sufficient time so that responses will be in hand on or before **August 14, 2014** (**October 1, 2014**, for requests for admission). The parties will file all discovery-related motions on or before **August 1, 2014**, with the exception of motions regarding requests for admission.

No motions concerning discovery will be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference call with Magistrate Judge Joe B. Brown. Counsel requesting the conference shall check with opposing counsel (or party) as to their availability before setting a time certain with

4

the Court. The parties must complete all depositions of witnesses for use at trial at least thirty (30) days prior to trial of this matter.

  B. **Rule 26 Expert Disclosures:** The Plaintiffs shall identify and disclose all expert witnesses on or before **September 15, 2014**. The Defendants shall identify and disclose all expert witnesses, if any, on or before **October 15, 2014**.

  C. **Expert Discovery:** All written discovery, depositions of fact witnesses, and depositions of expert witnesses shall be completed on or before **December 22, 2014**.

## VII. Dispositive Motion Deadline

The parties will file dispositive motions on or before **January 9, 2015**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly. Plaintiff may have until **May 5, 2014**, to respond to pending motion to dismiss (Docket Entry 60).

## VIII. Subsequent Case Management Conferences

In the event the parties determine that additional Case Management Conferences are necessary, they will contact the Court to schedule such Case Management Conferences as needed.

## IX. Alternative Dispute Resolution

At this time, the parties do not believe participation in alternative dispute resolution would be productive.

## X. Pre-Trial / Target Trial Date

The parties estimate that this jury trial will take two to three days, depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **July 28, 2015**, **at 9:00 a.m., Courtroom A826.** Judge Brown will conduct the final pretrial conference on **July 7, 2015, at 10:00 a.m.** The Magistrate Judge will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

       /s/   Joe B. Brown
**Joe B. Brown**
**United States Magistrate Judge**