```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

JAMES DOUGLAS SMITH,             )
                                 )
         Plaintiff               )
                                 )        No. 3:13-1152
v.                               )        Judge Sharp/Brown
                                 )        **Jury Demand**
CORRECTIONS CORPORATION          )
OF AMERICA, et al.,              )
                                 )
         Defendants              )
```

**O R D E R**

There are a number of pending motions in this case. The Magistrate Judge will attempt to dispose of as many of them as possible in this order. However, the Plaintiff, by continuing to file motions which are not well-taken and by attempting to amend his complaint piecemeal is delaying the ultimate resolution of this case. At some point the Plaintiff needs to stop filing new material in this case and let the Court have an opportunity to resolve the pending dispositive motions.

At the present time the Defendant Brown has filed a motion to dismiss for failure to state a claim (Docket Entry 60). The Defendants Cooper and CCA have filed a motion for summary judgment (Docket Entry 93). The Plaintiff has filed a motion entitled "Witness Tampering" (Docket Entry 109); a motion to dismiss summary judgment and/or toss out all defense affidavits (Docket Entry 116); a motion for federal criminal code and rules tampering (Docket Entry 117); a motion for summary judgment mostly complete (Docket Entry 124); a motion to amend his complaint

(Docket Entry 131); a motion to quash affidavits (Docket Entry 132); and a motion for sanctions against the Defendants' law firm Walker, Tipps & Malone (Docket Entry 134).

The Magistrate Judge will take up initially the motions to quash affidavits (**Docket Entries 116 and 132**). These motions are **DENIED**. Affidavits are proper when either sworn to before a notary as are the various affidavits filed by the Defendants, or filed with a statement in accordance with 28 U.S.C. § 1746. Section 1746 is designed to allow an individual to execute a declaration under the penalties of perjury when the individual does not go the formal route of using a notary. The affidavits in question, when executed before a notary, are properly filed and may be considered the same as if they contained the statement required in 28 U.S.C. § 1746. The motions to strike are without merit.

The Plaintiff's two motions dealing with witness tampering (**Docket Entries 109 and 117**) are **DENIED** in part. For the most part they argue matters of evidence which are premature at this point. Should this case go to trial, some of this evidence might be admissible. However, for the most part, Plaintiff is simply arguing what he intends to prove and this is not the time nor place to do that. To the extent the Plaintiff believes that there has been criminal conduct, that would be a decision for state or federal prosecutors and the Plaintiff should make his complaint directly to them.

To the extent the Plaintiff requests that these be called to the attention of federal authorities, the motion will be **GRANTED** and the **Clerk** will send a copy of Docket Entry 117 and 109, along with a copy of this Order to the United States Attorney for such action, if any, the United States Attorney deems appropriate.

The Plaintiff's motion entitled "Summary Judgment Mostly Complete" (**Docket Entry 124**) appears to be intended as a response to the Defendants' pending motions for summary judgment (Docket Entries 60 and 93). The Plaintiff would make it a lot easier and clearer if he entitled his pleadings as a "RESPONSE." Although entitled a motion for summary judgment, it is clearly not a motion for summary judgment by the Plaintiff since it does not, in any way, comply with either Federal Rule of Civil Procedure 56 or Local Rule 56.01. The Clerk is **DIRECTED** to terminate the motion.

Previously, in Docket Entry 107, the Plaintiff was given until May 5, 2014, to respond to both of these motions for summary judgment (Docket Entries 60 and 93). The Plaintiff's efforts at responding have been haphazard and scattered at best.

The Plaintiff did not respond to the motions as required by the Rules by May 5th. However, the Plaintiff sent a letter to the Clerk stating that his time in the law library was limited, but that he was working on them. A letter to the Clerk is not a response and a letter to the Clerk that the Plaintiff is working on something is not a request for additional time. If the Plaintiff

3

needed additional time, he needed to file a request prior to May 5th requesting an extension with a proposed response date.

Plaintiff will be well-advised to spend more of his time responding to the motions for summary judgment, rather than attempting to file a series of motions that do not directly address the summary judgment motions.

In this connection the Magistrate Judge would note that the Plaintiff filed a response to the Defendants' statement of undisputed material facts (Docket Entry 118). The response to each and every statement was disputed. There is not a single citation to the record to justify disputing such a statement. *See* Local Rule 56.01(c). In particular, statements that the Plaintiff did not file grievances or completed the grievance process (Statements 7 and 8) should have contained some reference to the actual filing of the grievance or of completing the appeal process.

The Magistrate Judge would agree that some of the so-called statements of undisputed material facts are not proper as they are more contentions rather than statements of undisputed facts. See, for example, Statement 9, 10, 11, and 15. Others, such as the statement that certain policies are attached, are either accurate or not. The Plaintiff must have some basis to state why he disputes that the policy is attached. He is not being asked to state whether CCA complied with the policy or not. Likewise, Statement 6 as to whether he filed the pending lawsuit on September 17th while incarcerated at Metro is either true or not. If he did

not file the suit on September 17, 2013, he needs to state some basis for disputing that statement.

The Magistrate Judge will consider Docket Entry 124 as being a response to the Defendants' motions for summary judgment.

The Plaintiff filed a motion to amend case **(Docket Entry 131)**. To the extent this is actually a motion to amend the complaint, it is **DENIED**. While the Plaintiff had until June 2, 2014, to amend his pleadings or join parties (Docket Entry 103, § V), the proposed amendment the Plaintiff has filed appears to be simply arguing the facts from his complaint. It is not in the form of an amended complaint.

An amended complaint should be just that, a proposed complaint that is complete in all details so that the Defendants and the Court can look at one document and see exactly what the Plaintiff complains about. It should comply with Rule 8 and have numbered paragraphs. The document filed by the Plaintiff, in many respects, seems to be an attempt to file a new lawsuit with allegations unrelated to the original litigation. If the Plaintiff wishes to file a new lawsuit, he should insure that he has complied with any grievance procedure to file a new lawsuit. Grievances are not required for acts he contends were committed after his release from jail. In this case the Plaintiff is attempting to add defendants and activities that took place on May 16, 2014. These can hardly be found to relate to the original complaint in the matter.

Finally, there is a motion for sanctions (**Docket Entry 134**) against the law firm of Walker, Tipps & Malone. The motion is **DENIED**. The Plaintiff clearly disagrees with some of the pleadings filed by the law firm. However, in reviewing the filings in the case, the Magistrate Judge sees nothing that indicates that the law firm has done anything other than represent their clients. The fact that the Plaintiff may believe that some of the statements are inaccurate is a matter for trial. The Magistrate Judge sees no indication that the law firm has in any way suborned perjury or taken any improper action against the Plaintiff.

Some of the statements in this motion make absolutely no sense. In paragraph 4 the statement that "the employee teaching Microsoft class has violated corporate policy by contacting a known sexual offender Tommy Crumbly, not waiting one year to do so" makes no sense whatever. Likewise, in paragraph 5, the fact that the firm may have represented someone seeking an order of protection does not raise an issue of improper conduct.

The Magistrate Judge will attempt to take the Plaintiff's various pleadings, such as they are, and prepare a report and recommendation on the two motions for summary judgment. However, given the failure of the Plaintiff to coherently respond to the motions, a report and recommendation may take some time to prepare.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge