UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES DOUGLAS SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:13-1152 |
| v. ) | Judge Sharp/Magistrate Judge Brown |
| ) | Jury Demand |
| CORRECTIONS CORPORATION ) | |
| OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

To: The Honorable Kevin H. Sharp, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' motion for summary judgment (DE 93)[1] be **GRANTED**, that this action be **DISMISSED** against all Defendants with prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust, that Defendant Brown's motion to dismiss (DE 60) be **TERMINATED** as **MOOT**, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, a former inmate of the Metro Davidson County Detention Facility in Nashville, proceeds *pro se* and *in forma pauperis*. (DE 9, 128). On September 17, 2012, Plaintiff filed a complaint, alleging that Corrections Corporation of America ("CCA") had violated Title VI of the Civil Rights Act of 1964 based on his race, color, and national origin. (DE 1, p. 2 ¶ 1). According to Plaintiff's claims, CCA deprived him of a job and nutritional requirements, harassed him, and followed a pattern of malice and abuse toward special needs and elderly handicapped individuals. (DE 1, p. 2 ¶¶ 2, 4).

---

[1] "DE" refers to Docket Entry.

1

Plaintiff sought to amend his complaint on October 7, 2013 (DE 7), and the District Judge granted this request. (DE 9). The newly amended complaint named the following defendants: CCA, Unit Manager Cooper, Case Manager Carter, and Corrections Counselor Fitzgerald. (DE 7). According to Plaintiff, (1) Defendants conspired to violate Title VI of the Civil Rights Act, (2) Plaintiff suffered the loss of a job requirement "due to race, origin and disabilities act," (3) "a pattern of conduct is in place, and continues with actions, threats, not only to the defendant but others with race, origin, and disabilities," and (4) "on September 30, 2013 video and testimony will show the obsene [sic] language and threats of parole being denied." (DE 7).

In late October 2013, Plaintiff again moved to amend his complaint (DE 12), made a motion titled "factual compliance" (DE 13), and filed a third motion to amend his complaint. (DE 14). The District Judge only granted these three motions to the extent they added Defendant Kenya Brown and offered factual support for Plaintiff's claim of discrimination. (DE 15). The essence of Plaintiff's claims against Defendant Brown, a Tennessee Department of Corrections Institution Parole Officer, is that she assisted Defendant Fitzgerald in carrying out a threat to stop Plaintiff's parole. (DE 14, pp. 1-2).

Per the District Judge's order, the case was referred to the Magistrate Judge on November 15, 2013. (DE 15). Plaintiff thereafter moved to amend his complaint on November 26, 2013. (DE 20). The Magistrate Judge denied this motion. (DE 22). Defendants CCA, Carter, Cooper, and Fitzgerald answered Plaintiff's amended complaint on February 3, 2014. (DE 56). Defendant Brown filed a motion to dismiss on February 20, 2014. (DE 60, 61). On April 2, 2014, Defendants CCA, Carter, Cooper, and Fitzgerald filed a motion for summary judgment. (DE 93, 94). A statement of undisputed material facts and affidavits from Blair Leibach, Audrey Rimmer,

and Defendants Fitzgerald, Cooper, and Carter were also filed on April 2, 2014. (DE 95, 96, 97, 98, 99, 100). In addition to arguing the merits of the case, Defendants' motion for summary judgment also asserted that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (DE 93).

Plaintiff responded to Defendants' statement of undisputed material facts (DE 118) on May 12, 2014 and to Defendants' motion for summary judgment on May 14, 2014. (DE 124, 125). Defendants replied to Plaintiff's response to their motion for summary judgment. (DE 129). Plaintiff subsequently moved to amend his complaint on May 29, 2014 (DE 131) and on June 23, 2014. (DE 142). The Magistrate Judge denied both requests. (DE 139, 146). Pending before the Court are Defendant Brown's motion to dismiss[2] and Defendants CCA, Carter, Cooper, and Fitzgerald's motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment on a claim or defense is appropriate if, after a reasonable time for discovery, the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Kinlin v. Kline*, 749 F.3d 573, 576 (6th Cir. 2014). To overcome a motion for summary judgment, the "genuine" dispute of material facts must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *S. Rehab. Grp., P.L.L.C. v. Sec'y of Health & Human Servs.*, 732 F.3d 670, 676 (6th Cir. 2013). "There is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'"

---

[2] Since a resolution of Defendants' motion for summary judgment disposes of the case in its entirety, it is not necessary to reach Defendant Brown's motion to dismiss.

*Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Zenith Radio Corp.*, 475 U.S. at 587).

Ultimately, the court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). The nonmovant must oppose the motion for summary judgment with more than his pleadings; he must "designate specific facts showing that there is a genuine issue for trial" in his affidavits or discovery materials. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 226 (6th Cir. 2011) (quoting *Celotex Corp.*, 477 U.S. at 324) (internal quotations and citations omitted).

While considering a motion for summary judgment, the court should avoid weighing the evidence or making credibility judgments. *Rorrer v. City of Stow*, 743 F.3d 1025, 1038 (6th Cir. 2014). Furthermore, the court should view the evidence in the light most favorable to the non-movant. *Id.*

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES UNDER THE PLRA

### A. The Exhaustion Requirement

Prior to filing suit under 42 U.S.C. § 1983 or otherwise challenging prison conditions, the PLRA requires prisoners to exhaust the grievance procedures made available by their particular prisons. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202, 218 (2007). Defendants must establish failure to exhaust as an affirmative defense. *Peterson v. Cooper*, 463 F. App'x 528, 529 (6th Cir. 2012); *Napier*, 636 F.3d at 225. A defendant moving for summary judgment on this defense must "show that there [i]s an absence of evidence to support the nonmoving party's case." *Napier*, 636 F.3d at 225 (citing *Celotex Corp.*, 477 U.S. at 325). Once the defendants have

met this burden, the plaintiff must provide sufficient evidence to show that a genuine issue of fact exists. *Id.*

B. **The CCA Grievance Policy**

While imprisoned at the Metro Davidson County Detention Facility, Plaintiff was required to exhaust the administrative remedies articulated in CCA Policy 14-5.[3] (DE 100, 100-1). According to the affidavit of Ms. Audrey Rimmer,[4] CCA's chief of unit management secretary and informal resolution coordinator, inmate grievances are handled at the following three levels of review: (1) an informal resolution, (2) a formal grievance, and (3) a grievance appeal. (DE 100, pp. 1-2 ¶ 4). At the informal resolution phase, the prisoner must submit a 14-5A Informal Resolution form within seven calendar days of an alleged incident. (DE 100-1, p. 6). The Warden's response to the grievance appeal at the third level of review "is final, thus exhausting available administrative remedies." (DE 100, p. 2 ¶ 4). This summary of the grievance process is corroborated by CCA Policy 14-5. (DE 100-1, pp. 5-10).

C. **Plaintiff Failed to Exhaust His Administrative Remedies**

According to Ms. Rimmer, Plaintiff had not filed any informal grievances, formal grievances, or grievance appeals before he initiated this lawsuit. (DE 100, p. 2 ¶ 5). Defendants' statement of undisputed material facts provides the following:

> (6) Smith filed the pending lawsuit on September 17, 2013, while he was incarcerated at the Metro-Davidson County Detention Facility (the "Detention Facility"). (Docket Entries 1; 7; 12-14; Rimmer Aff. ¶ 5).
>
> (7) Smith did not file any informal grievances, formal grievances, or grievance appeals prior to filing the pending lawsuit or any of the amendments to the lawsuit. (Rimmer Aff. ¶ 5).

---

[3] CCA operates the Metro-Davidson County Detention Facility. (DE 121, p. 1 ¶ 1).
[4] As Ms. Rimmer's affidavit was properly sworn before a notary, Plaintiff's motion to quash this affidavit (DE 116) was denied. (DE 139, p. 2).

(8) Smith failed to complete the grievance process by filing an informal grievance, then a formal grievance, and then a grievance appeal. (Rimmer Aff. ¶ 5).

(DE 95, pp. 2-3 ¶¶ 6-8). Plaintiff's response to each of these statements, "disputed," is, as the Magistrate Judge previously noted, not in compliance with Local Rule 56.01(c) which requires disputed statements of material fact be supported by specific citations to the record. (DE 118, pp. 2-3) (DE 139, pp. 4-5). A party's failure to respond to the moving party's statement of undisputed material facts "indicate[s] that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g).

As Plaintiff did not comply with Local Rule 56.01(c), these three statements of material fact are considered undisputed for purposes of the motion for summary judgment, confirming that Plaintiff failed to exhaust his administrative remedies. *See George v. Vought Aircraft Indus., Inc.*, No. 3:08-0787, 2009 WL 5217002, at *4 n.2 (M.D. Tenn. Dec. 30, 2009) ("Because Plaintiff's Response does not comply with the Rules, pursuant to the Rules, the undersigned will deem the facts contained in Defendant's Statement of Undisputed Material Facts to be admitted."); *Geesling v. Clay Cnty., Tenn.*, No. 2:06-0056, 2007 WL 2509671, at *1 n.1 (M.D. Tenn. Aug. 30, 2007); *see also Cornucopia Cruise Line, Inc. v. Cummings Marine, Inc.*, No. 08-02864, 2012 WL 786836, at *2 n.2 (W.D. Tenn. Mar. 7, 2012) (applying similar local rule); *Reed v. Inland Intermodal Logistics Servs., LLC*, No. 09-2607, 2011 WL 4565450, at *1 n.1 (W.D. Tenn. Sept. 29, 2011) (applying a similar local rule and noting that "Reed's responses have been disregarded where she has failed to comply with the local rules"); *Goodbar v. Technicolor Videocassette of Michigan, Inc.*, No. 09-2553, 2010 WL 5464796, at *2 n.6 (W.D. Tenn. Dec. 30, 2010) ("Goodbar's response to this factual assertion, 'Disputed,' does not comply

with Local Rule 7.2(d)(3). Therefore, this factual assertion is deemed admitted."); *Akines v. Shelby Cnty. Gov't*, 512 F. Supp. 2d 1138, 1148 (W.D. Tenn. 2007) (applying similar local rule).

**D. Plaintiff Was Not Excused from Exhausting His Administrative Remedies**

Although Plaintiff failed to exhaust the CCA Policy 14-5 grievance procedures, which constitutes grounds for dismissal, he argues that Defendants' motion for summary judgment should be dismissed because he was denied access to the grievance procedures, he was subjected to threats and intimidation, and he wrote letters to CCA and prison officials regarding his complaints. (DE 12, 68, 87, 125). These contentions, however, do not excuse Plaintiff from exhausting his administrative remedies.

As the PLRA only requires prisoners to exhaust "available" administrative remedies, prisoners may be excused from this requirement if the prison made the remedies unavailable or otherwise prevented the claimant from pursuing the remedies. *Willis v. Mohr*, No. 1:11-cv-808, 2013 WL 5773932, at *7 (S.D. Ohio Oct. 24, 2013); *Cullins v. Page*, No. 1:12-cv-102, 2013 WL 214848, at *4 (S.D. Ohio Jan. 18, 2013) *report and recommendation adopted*, No. 1:12-cv-0102, 2013 WL 1181610 (S.D. Ohio Mar. 21, 2013); *Brown v. Blackwell*, No. 2:10-cv-966, 2011 WL 63595, at *2 (S.D. Ohio Jan. 6, 2011); *see also Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004). To succeed on such a claim, the claimant must provide more than conclusory statements regarding the alleged conduct that prevented him from exhausting his administrative remedies. *Cullins*, 1:12-cv-102, 2013 WL 214848, at *4 ("[P]laintiff has provided no specific information about who, when, where, or how he was prevented from pursuing the prison grievance procedure."). Furthermore, the claimant must show that he made "some affirmative efforts to comply with the administrative procedures before [the court will analyze] whether the facility rendered these remedies unavailable." *Napier*, 636 F.3d at 223.

A claimant may additionally argue that he failed to exhaust his administrative remedies out of fear, but the claimant must "describe[] with specificity the factual basis for his fear." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004) (internal quotation removed). "Nonspecific allegations of fear . . . do not excuse" a claimant's failure to exhaust. *Id.*; *Bramble v. Campbell Cnty., Ky.*, Civil Action No. 2010-183 (WOB-JGW), 2013 WL 5411477, at *5 (E.D. Ky. Sept. 26, 2013); *Baldwin v. Kenny*, No. 3:12 CV 1867, 2013 WL 4517167, at *3 (N.D. Ohio Aug. 23, 2013); *Wheeler v. Boyd Cnty.*, Civil Action No. 13-36-HRW, 2013 WL 1293758, at *2 (E.D. Ky. Mar. 25, 2013).

Plaintiff's claims that he was denied access to the grievance procedures are conclusory, nonspecific, and insufficient to survive Defendants' motion for summary judgment. While he initially claimed that he had "exhaust[ed] every tool – re inmate grievance, reporting to the Case Manager Carter, Corrections Counsel Ms. Fitzgerald, Correction Officer Bible, and finally the Warden of CCA/Metro, Mr. Leibach," (DE 12, p. 1 ¶ 1), Plaintiff later stated he "was denied informal and formal grievance administrative remedies. The plaintiff even chose to write corporate headquarters at CCA." (DE 68, p. 3) (DE 87, p. 3). In response to Defendants' motion for summary judgment, Plaintiff stated that he was denied the chance to file informal resolution forms and he was subjected to threats and intimidation. (DE 125, p. 2). He further stated that he wrote letters to Warden Blair Liebach, and Assistant Warden Michael Corlew who never responded to his letters but instead put Plaintiff "in much more serious danger." (DE 125, p. 2). He also stated he attempted to contact other officials, including Mr. Puryear, Mr. Turner, and Mr. Hiligoss. (DE 125, p. 3).

The closest Plaintiff comes to providing the requisite specificity is when he reported that Defendant Cooper violated CCA Policy 14-4-I "countless times, claiming in front of LtGayles

[sic] on October 21, 2013 . . . [t]hat all things go through her in her units. And didn[']t the plaintiff know that she was the BIG DOG." (DE 125, p. 9). This incident, however, allegedly occurred the month after Plaintiff originally filed his complaint. The statement also fails to show that Plaintiff was denied access to CCA's grievance system. Furthermore, the alleged incident does not appear to have prevented Plaintiff from filing subsequent grievances. The record contains Plaintiff's informal resolutions from November 2013 to May 2014. (DE 69, pp. 3, 10) (DE 70, pp. 6-11) (DE 80, pp. 4-8) (DE 87, pp. 6-7) (DE 88, p. 5) (DE 129-2) (DE 133-1). In situations like this, "it is difficult to imagine circumstances where the prisoner's fear of retaliation for filing grievances would render such administrative remedies 'unavailable' for purposes of the PLRA, where that fear was not sufficient to deter the prisoner from later filing a lawsuit regarding the same events, an act one would assume to be far more likely to precipitate retaliation." *Wheeler*, Civil Action No. 13-36-HRW, 2013 WL 1293758, at *2 n.1. Plaintiff's conclusory claims of fear and inaccessible grievance procedures fail to carry his claims past the summary judgment stage.

As far as Plaintiff claims he satisfied this requirement by writing letters to officials and reporting his claims to officials, "a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claims." *Shephard v. Wilkinson*, 27 F. App'x 526, 527 (6th Cir. 2001) (citing *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999)); *Howard v. Tennessee, Dep't of Corr.*, No. 1-12-0004, 2013 WL 3353893, at *6 (M.D. Tenn. July 2, 2013). CCA Policy 14-5 does not provide the option of submitting letters to prison officials. (DE 100-1). Plaintiff was required to submit an informal resolution to initiate the grievance process. (DE 100-1).

9

Generally dismissals for failure to exhaust are without prejudice. *Boyd*, 380 F.3d at 994. As Plaintiff is no longer in prison (DE 141), the alleged incidents occurred in August, September, and October 2013 (DE 1, 12, 13, 14), and CCA Policy 14-5 requires individuals file an informal resolution within seven days of the alleged incident (DE 100-1, p. 6), dismissing the action without prejudice would be futile. *See Howard*, No. 1-12-0004, 2013 WL 3353893, at *6 (dismissing a lawsuit for failure to exhaust with prejudice because the prison required that grievances be filed within seven days of the alleged incident and the dismissal occurred nearly twenty months after the alleged incident); *Avendano v. B.O.P. Dir.*, No. 4:12cv3045, 2013 WL 2209450, at *9 (N.D. Ohio May 20, 2013). This action should therefore be dismissed with prejudice.

## IV. RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' motion for summary judgment (DE 93) be **GRANTED**, that this action be **DISMISSED** against all Defendants with prejudice under 42 U.S.C. § 1997e(a) for failure to exhaust, that Defendant Brown's motion to dismiss (DE 60) be **TERMINATED** as **MOOT**, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Within fourteen (14) days from receipt of this Report and Recommendation, the parties may serve and file written objections to the findings and recommendations made herein. Fed. R. Civ. P. 72(b)(2). Parties opposing the objections must respond within fourteen (14) days from service of these objections. *Id.* Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal. *Thomas v.*

*Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** the 29th day of July, 2014,

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge